IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HELENA AGRI-ENTERPRISES, LLC                                                                PLAINTIFF

v.                                              Case No. 4:20-cv-4038

TREVOR UNRUH                                                                                DEFENDANT

## JUDGMENT

Before the Court is Plaintiff Helena Agri-Enterprises, LLC's Motion for Clerk's Entry of Default. (ECF No. 9). Also before the Court is Plaintiff's Motion for Default Judgment (ECF No. 13) and Motion for Bill of Costs. (ECF No. 15). The Court finds that no responses are necessary and that these matters are ripe for consideration.

## I. BACKGROUND

On May 5, 2020, Plaintiff filed this case against Defendant Trevor Unruh. Plaintiff alleges that Defendant defaulted in paying Plaintiff for agricultural inputs sold to him on credit pursuant to a Credit Sales and Services Agreement in the principal amount of $99,147.10.

On May 18, 2020, Plaintiff served its complaint and summons on Defendant. On June 10, 2020, Plaintiff moved for entry of default against Defendant. The Clerk of Court subsequently entered default as to Defendant, who to date has not answered or otherwise responded to the complaint. On June 22, 2020, Plaintiff filed motions for default judgment and for a bill of costs.

Plaintiff seeks a sum certain from Defendant in the amount of $125,260.38, with additional pre-judgment finance charges accruing from May 25, 2020 onward at the rate of 1.4%, or $1,388.06, per month. Plaintiff also seeks reasonable attorneys' fees of $2,952.25, costs of $400.00, and post-judgment interest on all amounts at the highest rate allowed by law until paid. Plaintiff has provided affidavits and itemized billing statements setting out these amounts.

The Court will begin by addressing Plaintiff's motion for entry of default. The Court will then take up Plaintiff's motion for default judgment and bill of costs.

### A. Entry of Default

Plaintiff moves the Court for the Clerk of Court to enter default in this matter. The Clerk of Court properly entered default against Defendant on June 25, 2020. However, Plaintiff's motion remains pending. Accordingly, Plaintiff's motion for entry of default (ECF No. 9) will be denied as moot.

### B. Default Judgment

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). If the court determines that a defendant is in default, the court shall take as true factual allegations of the complaint, except those relating to the amount of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

The unchallenged facts of this case are that on February 16, 2016, the parties executed a Credit Sales and Services Agreement. In 2018, Defendant purchased agricultural inputs on credit from Plaintiff under the terms of the agreement. If not paid within thirty days of the date of the first statement for each purchase, a finance charge would accrue each month on the unpaid amount. Defendant failed to make payments as required by the agreement and has an unpaid principal balance of $99,147.10, which accrues a finance charge of 1.4%, or $1,388.06, per month until paid. As of May 25, 2020, Defendant's total unpaid balance was $125,260.38.

After reading the pleadings and the papers on file, the Court finds that Plaintiff has alleged

2

sufficient facts to support a legitimate cause of action against Defendant for breach of contract. Now the Court will turn to damages. Plaintiff asks that the Court enter default judgment on a sum certain, a pre-judgment finance charge, reasonable attorneys' fees and costs, and post-judgment interest on all amounts. These amounts are all ascertainable from Plaintiffs' evidence, so an evidentiary hearing on damages is not necessary. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988). The Court will separately address the requests for damages.

### 1. Sum Certain

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1).

Plaintiff seeks a sum certain from Defendant in the amount of $125,260.38, with additional pre-judgment finance charges accruing from May 25, 2020 onward at the rate of $1,388.06 per month. Plaintiff has provided the affidavit of Ashley Goodman, Plaintiff's credit manager, which sets out that Plaintiff is the holder of Defendant's open account which, as of May 25, 2020, reflected an owed, unpaid balance of $125,260.38, with a finance charge of $1,388.06 accruing each month. The Court is satisfied that Plaintiff's exhibits establish its requested sum certain of $125,260.38. The Court will award that amount.

Plaintiff also asks for a pre-judgment finance charge. Although the parties' contract provides for a finance charge to accrue monthly on unpaid accounts like Defendant's, Plaintiff appears to ask that the Court award the finance charge up to the entry of judgment. The Court finds that appropriate and will award a pre-judgment finance charge of $1,388.06, measured from May 25, 2020.

### 2. Attorneys' Fees and Costs

The parties' Credit Sales and Services Agreement provides that if Defendant fails to make payments as required, he will be responsible for payment of Plaintiff's collection costs, including expenses and reasonable attorneys' fees. (ECF No. 2-2, p.1). Accordingly, Plaintiff asks the Court to award it reasonable attorneys' fees of $2,952.25, and costs of $400.00.

In support of its requested attorneys' fees, Plaintiff provides an itemized billing sheet reflecting the amount of work done by counsel on this matter and the amounts charged. Two attorneys, one law clerk, and one paralegal worked on this matter between November 2019 and May 2020, ranging from initial collection efforts to litigation of the case at bar. Plaintiff's billing sheet provides as follows: Roger Rowe, a partner, billed 1.45 hours at the rate of $275/hour, for a total of $398.75. Ralph Scott, an associate, billed 9.5 hours at the rate of $150/hour for work done in 2019 and $175/hour for work done in 2020, for a total of $1,652.50. Hannah Howard, a law clerk, billed 2.35 hours at the rate of $90/hour, for a total of $211.50. Stacie Lake, a paralegal, billed 6.6 hours at the rate of $100/hour for work done in 2019 and $105/hour for work done in 2020. In all, Plaintiff seeks $2,952.25 in reasonable attorneys' fees.

"In a diversity case, state law generally governs the question whether there is a right to attorney's fees." *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005). Arkansas is the forum, so the Court applies the Arkansas choice-of-law rules in determining which state law governs the issue. *Id.* Arkansas's law relating to attorney's fees applies "where Arkansas is the forum, even where the law of another State governs substantive issues," such as the interpretation of a contract. *Id.* Unless otherwise barred by law or contract, Arkansas allows the recovery of reasonable attorneys' fees and costs "[i]n any civil action to recover to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract

relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract." Ark. Code Ann. § 16-22-308. This breach-of-contract case involves Plaintiff's attempts to recover on an open account, and the parties' agreement explicitly contemplates the recovery of reasonable attorneys' fees for collection purposes. Accordingly, Plaintiff may recover reasonable attorneys' fees incurred in collecting Defendant's unpaid balance.[1]

The burden of proving reasonable attorneys' fees rests with the fee applicant. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining the reasonableness of an attorneys' fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 433-34). A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in

---

[1] Plaintiff states that Tennessee law governs the parties' contract. To the extent that Tennessee law governs Plaintiff's entitlement to fees, the outcome is the same because in Tennessee, the "parties to a contract have been able to specifically and expressly create a right to recover attorney fees . . . by incorporating the phrase 'including reasonable attorney fees' or some other similar, yet equally specific, contractual language." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 310 (Tenn. 2009).

similar cases. *Hensley*, 461 U.S. at 430 n.3. After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

Although Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to those performed in this case, the Court may draw on its own experience and knowledge of prevailing market rates in determining a reasonable rate. *Warnock v. Archer,* 397 F.3d 1024 (8th Cir. 2005). The Court has reviewed Plaintiff's papers and, after considering the *Hensley* factors, finds that the number of hours and billable rates are reasonable in Texarkana, Arkansas, the community where this case was litigated. The Court sees no factor that warrants an upward or downward adjustment of the lodestar. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees in the amount of $2,952.25.

Plaintiff also asks the Court to tax costs of $400.00 against Defendant to reflect the filing fee paid in this case. Courts should award costs other than attorneys' fees to the prevailing party in a lawsuit unless a statute or court directs otherwise. Fed. R. Civ. P. 54(d)(1). Generally, courts are limited to shifting the prevailing party's costs in six statutorily defined categories, which, in relevant part, includes fees paid to the clerk of court. 28 U.S.C. § 1920. "A filing fee is a 'fee of the clerk' which is typically allowed as part of costs under Section 1920." *Wheeler v. Carlton*, No. 3:06-cv-0068-GTE, 2007 WL 1020481, at *3 (E.D. Ark. Apr. 2, 2007) (quoting *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989)). Accordingly, the Court will award Plaintiff, the prevailing party in this case once default judgment is entered, $400.00 in costs related to this case's filing fee.

### III.  CONCLUSION

For the aforementioned reasons, Plaintiff's motion for entry of default (ECF No. 9) is **DENIED AS MOOT**.  Plaintiff' motion for default judgment and motion for bill of costs (ECF Nos. 13, 15) are **GRANTED**.

Judgment is hereby entered in favor of Plaintiff Helena Agri-Enterprises, LLC against Defendant Trevor Unruh in the amount of $125,260.38, along with an additional pre-judgment finance charge of $1,388.06.  The Court also awards Plaintiff reasonable attorneys' fees of $2,952.25 and costs of $400.00.  Post-judgment interest shall accrue on all amounts at the highest rate allowed by law until paid.

**IT IS SO ORDERED**, this 26th day of June, 2020.

／s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge